UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
EVANSVILLE DIVISION



NOV 19 2021

U.S. DISTRICT COURT
INDIANAPOLIS, INDIANA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) | |
| v. | ) | CAUSE NO. 3:21-cr-00026-RLY-MPB |
| ANTONIO DEJARNETT, | ) | -01 |
| RYAN PINKSTON, | ) | -02 |
| ROBERT EMBRY, | ) | -03 |
| BECKY EDWARDS, | ) | -04 |
| EDWARD MEREDITH, | ) | -05 |
| JULIAN GREEN, | ) | -06 |
| NICOLES CABRERA, | ) | -07 |
| JOSHUA WILSON, | ) | -08 |
| JERAMEY SMITH, | ) | -09 |
| MICHAEL SANDERS, | ) | -10 |
| TABITHA SEABECK, | ) | -11 |
| ZACHARY ADDISON, AND | ) | -12 |
| KEISHA JEWELL | ) | -13 |
| Defendants. | ) | |

## **SECOND SUPERSEDING INDICTMENT**

The Grand Jury charges that:

### **COUNT 1**
[21 U.S.C. § 846 - Conspiracy to Distribute Methamphetamine]

Beginning in or about, January 1, 2020, and continuing up to and through July 1, 2021, in the Southern District of Indiana, Evansville Division, and elsewhere, ANTONIO DEJARNETT, RYAN PINKSTON, ROBERT EMBRY, BECKY EDWARDS, EDWARD MEREDITH, JULIAN GREEN, NICOLES CABRERA, JOSHUA WILSON, JERAMEY SMITH, MICHAEL

1

SANDERS, TABITHA SEABECK, ZACHARY ADDISON, and KEISHA JEWELL, defendants, did knowingly conspire together and with diverse other persons, known and unknown to the Grand Jury, to possess with the intent to distribute and to distribute 500 grams or more of a substance containing a detectable amount of methamphetamine, a Schedule II Non-Narcotic Controlled Substance.

In violation of Title 21, United States Code, Sections 841(a)(1), 841(b)(1)(A) and 846.

## MANNER AND MEANS

1. Julian GREEN ("GREEN") was a leader and supervisor of the conspiracy to distribute and posses with the intent to distribute large quantities of methamphetamine to the SMITH Drug Trafficking Organization.

2. During a time period during the conspiracy, Nicholas CABRERA ("CABRERA") was a middleman for the conspiracy to distribute and possess with the intent to distribute methamphetamine. CABRERA would communicate with members of his Mexican-based Drug Trafficking Organization via Federal Prison calls to orchestrate the delivery and distribution of quantities of methamphetamine for Jeramey SMITH ("SMITH") and GREEN's drug trafficking organization ("DTO") based in Indianapolis, Indiana.

3. Joshua WILSON ("JOSHUA") and CABRERA would communicate within the Federal Prison and further orchestrate the logistics of the methamphetamine trafficking on behalf of the SMITH Drug Trafficking Organization.

4. Upon delivery of the methamphetamine, SMITH and Hannah KISSEL ("KISSEL"), who both resided in Indianapolis, Indiana, would then distribute the methamphetamine to the mid-level distributors of their Drug Trafficking Organization, mainly in the Evansville, Indiana area.

5. The mid-level distributors would then distribute the methamphetamine in the Southern District of Indiana and Western District of Kentucky. Mid-level distributors within the Drug Trafficking Organization included: Keisha JEWELL ("JEWELL"), Michael SANDERS ("SANDERS"), Antonio DEJARNETT ("DEJARNETT"), Ryan PINKSTON ("PINKSTON"), Robert EMBRY ("EMBRY"), Becky EDWARDS ("EDWARDS"), Edward MEREDITH ("MEREDITH"), Tabitha SEABECK ("SEABECK"), and Zachary ADDISON ("ADDISON").

6. Throughout the conspiracy, several members of the conspiracy distributed the methamphetamine on a "front," wherein they provided quantities of methamphetamine on consignment to other methamphetamine distributors, receiving payment for the consignment methamphetamine after its sale by the other distributors.

7. The defendants used telephones to facilitate the methamphetamine trafficking operation outlined herein. During the course of the conspiracy, the defendants spoke on telephones, at times using code language, text messages, and other social media-based applications to discuss matters to discuss matters relative to their methamphetamine trafficking operation.

8. The defendants used motor vehicles to transport methamphetamine and United States currency constituting the proceeds of the sale of methamphetamine to and from the Owensboro, Kentucky area, the Evansville, Indiana area, the Princeton, Indiana area, and the Indianapolis, Indiana area.

9. Members of the conspiracy maintained sizeable amounts of cash to obtain quantities of methamphetamine or to pay for methamphetamine previously provided on consignment.

10. During the course of the conspiracy, members of the conspiracy possessed firearms. Firearms are a tool of the trade for drug traffickers, as they are utilized to safeguard narcotics, United States currency, and the physical well-being of the narcotics trafficker from rival traffickers.

11. Various residences and properties were used by the defendants to store methamphetamine and United States currency generated from the sale and distribution of methamphetamine, and from which distribute and receive payment for the methamphetamine during the course of the conspiracy. Among the locations used were properties located at 6233 Commodore Drive, Indianapolis, Indiana, 3140 Guilford Ave, Indianapolis, Indiana, and 521 S. Evans St, Evansville, Indiana, and properties located on East Riverside Drive, West Illinois Street, Maxwell Avenue, and West Columbia Street in Evansville, Indiana.

**OVERT ACTS**

In furtherance of said conspiracy and to effect the objects thereof, the defendants did commit, among others, the following overt acts:

1. On or about October 2, 2020, a person known to the Grand Jury requested a quantity of crystal methamphetamine from SANDERS via cellular communication.

2. On or about October 2, 2020, SANDERS distributed approximately four (4) ounces of crystal methamphetamine for $2,000.00, in Evansville, Indiana, to a person known to the Grand Jury.

3. On or about October 28, 2020, a person known to the Grand Jury requested a quantity of crystal methamphetamine from SANDERS via cellular communications.

4. On or about October 28, 2020, SANDERS distributed approximately two (2) ounces of crystal methamphetamine for $1,400.00 in Evansville, Indiana, to a person known by Grand Jury.

5. On or about January 24, 2021, SANDERS requested seven (7) pounds of crystal methamphetamine from SMITH via cellular communication.

6. On or about January 24, 2021, SMITH distributed seven (7) pounds of crystal methamphetamine to SANDERS in Indianapolis, Indiana.

7. On or about February 4, 2021, a person known to the Grand Jury requested a quantity of crystal methamphetamine from SANDERS via cellular communications.

8. On or about February 4, 2021, SANDERS distributed approximately two (2) ounces of crystal methamphetamine in Evansville, Indiana, to a person known to the Grand Jury.

9. On or about February 28, 2021, JEWELL finalized a methamphetamine transaction with SMITH via cellular communication.

10. On or about February 28, 2021, SMITH distributed a quantity of crystal methamphetamine to JEWELL in Indianapolis, Indiana.

11. On or about March 1, 2021, JEWELL finalized a methamphetamine transaction with SMITH via cellular communication.

12. On or about March 1, 2021, SMITH distributed a quantity of crystal methamphetamine to JEWELL in Indianapolis, Indiana.

13. On or about March 4, 2021, a person known to the Grand Jury requested a quantity of crystal methamphetamine from PINKSTON via cellular communications.

14. On or about March 4, 2021, PINKSTON distributed approximately ¼ pound of crystal methamphetamine for $2,000.00 in Evansville, Indiana, to a person known to the Grand Jury.

15. On or about March 15, 2021, SEABECK and SANDERS traveled to Indianapolis, Indiana to acquire approximately seven (7) pounds of crystal methamphetamine from SMITH.

16. On or about March 15, 2021, SMITH distributed approximately seven (7) pounds of crystal methamphetamine to SANDERS in Indianapolis, Indiana.

17. On or about March 15, 2021, SANDERS distributed approximately seven (7) pounds of crystal methamphetamine to SEABECK in Evansville, Indiana.

18. On or about March 17, 2021, SEABECK distributed approximately seven (7) pounds of crystal methamphetamine to ADDISON in Mount Vernon, Indiana.

19. On or about March 17, 2021, ADDISON possessed with intent to distribute approximately 319 grams of crystal methamphetamine in Mount Vernon, Indiana.

20. On or about March 18, 2021, DEJARNETT requested a quantity of crystal methamphetamine from SMITH via cellular communications.

21. On or about March 18, 2021, SMITH directed DEJARNETT to meet GREEN at 3140 Guilford Ave., Indianapolis, Indiana, to acquire crystal methamphetamine.

22. On or about March 18, 2021, GREEN distributed a quantity of crystal methamphetamine to DEJARNETT at 3140 Guilford Ave., Indianapolis, Indiana.

23. On or about March 19, SMITH distributed a quantity of crystal methamphetamine to DEJARNETT in Indianapolis, Indiana.

24. On or about March 20, 2021, JOSHUA conspired with CABRERA inside the federal prison to acquire methamphetamine on behalf of the SMITH Drug Trafficking Organization.

25. On or about March 20, 2021, JOSHUA instructed SMITH to contact a Mexican based Source of Supply for crystal methamphetamine via Federal Prison Call telephone.

26. On or about March 21, 2021 SMITH contacted a Mexican based Source of Supply for a large quantity of crystal methamphetamine via cellular communication.

27. On or about March 22, 2021, JOSHUA instructed SMITH to contact a Mexican based Source of Supply for crystal methamphetamine via Federal Prison telephone call.

28. On or about March 29, 2021, MEREDITH possessed with intent to distribute approximately 144 grams of crystal methamphetamine in Warrick County, Indiana.

29. On or about April 1, 2021, JOSHUA instructed SMITH to contact a Mexican based Source of Supply for crystal methamphetamine via Federal Prison telephone call.

30. On or about April 2, 2021, JOSHUA instructed SMITH to contact a Mexican based Source of Supply for crystal methamphetamine via Federal Prison telephone call.

31. On or about April 8, 2021, PINKSTON possessed over 50 grams of crystal methamphetamine, a loaded magazine from a firearm and $52,051.00 in United States currency in Evansville, Indiana.

32. On or about April 13, 2021, JOSHUA instructed SMITH to contact a Mexican based Source of Supply for crystal methamphetamine via Federal Prison telephone call.

33. On or about April 17, 2021, CABRERA contacted an unknown Mexican based Source of Supply to orchestrate the distribution of crystal methamphetamine to the SMITH Drug Trafficking Organization via Federal Prison telephone call.

34. On or about April 18, 2021, JOSHUA instructed SMITH to contact a Mexican based Source of Supply for crystal methamphetamine via Federal Prison telephone call.

35. On or about April 18, 2021, SMITH contacted a Mexican based Source of Supply to request a large quantity of crystal methamphetamine via cellular communication.

36. On or about April 28, 2021, MEREDITH distributed approximately 114 grams of crystal methamphetamine to a person known to the Grand Jury for $2,200 in United States currency.

37. On or about April 29, 2021, MEREDITH possessed approximately 114 grams of crystal methamphetamine at his residence on East Riverside Drive in Evansville Indiana.

38. On or about May 10, 2021, EDWARDS possessed $3,916.00 in United States currency from the sale of crystal methamphetamine.

39. On or about May 11, 2021, law enforcement investigators seized approximately two (2) ounces of crystal methamphetamine from EDWARDS' vehicle following a search warrant execution of a safe recovered from her vehicle after a vehicle pursuit.

40. On or about May 14, 2021, EMBRY possessed 3 ½ pounds of crystal methamphetamine and $2,822.00 in United States currency at his residence located on East Riverside Drive in Evansville, Indiana.

41. On or about May 14, 2021, DEJARNETT possessed 6 ½ pounds of crystal methamphetamine located on West Illinois Street in Evansville, Indiana.

42. On or about May 28, 2021, CABRERA contacted an unknown Mexican based Source of Supply to orchestrate the distribution of crystal methamphetamine to the SMITH Drug Trafficking organization via Federal Prison telephone call.

43. On or about May 31, 2021, EMBRY possessed $5,070.00 in United States currency from the sale of crystal methamphetamine.

44. On or about June 3, 3021, law enforcement seized $15,183.00 in United States currency during the execution of a search warrant at EDWARDS' brother's residence located on West Columbia Street in Evansville, Indiana. The currency was gained from the sale of crystal methamphetamine.

45. On or about June 9, 2021, CABRERA contacted an unknown Mexican based Source of Supply to orchestrate the distribution of crystal methamphetamine to the SMITH Drug Trafficking organization via Federal Prison Call - telephone.

46. On or about June 22, 2021, KISSEL traveled from the Southern District of Indiana to Houston, Texas, to complete a large crystal methamphetamine transaction from the CABRERA Drug Trafficking Organization.

47. On or about June 26, 2021, CABRERA contacted an unknown Mexican based Source of Supply to orchestrate the distribution of crystal methamphetamine to the SMITH Drug Trafficking Organization via Federal Prison telephone call.

48. On or about June 27, 2021, JOSHUA instructed SMITH to contact a Mexican based Source of Supply for crystal methamphetamine via Federal Prison telephone call.

49. On or about June 27, 2021, CABRERA contacted an unknown Mexican based Source of Supply to orchestrate the distribution of crystal methamphetamine to the SMITH Drug Trafficking Organization via Federal Prison telephone call.

50. On or about July 12, 2021, EMBRY possessed $49,200.00 in United States currency from the sale of crystal methamphetamine.

51. Beginning on or about March 21, 2021 and continuing up and through June 27, 2021, SMITH and Mexico based numbers exchanged approximately one hundred and fifty-seven (157) calls and text messages discussing the distribution of crystal methamphetamine.

All of which is in violation of Title 21, United States Code, Section 846.

**COUNT 2**
[18 U.S.C. § 922(g)(1) - Felon in Possession of Ammunition]

On or about April 8, 2021, within the Southern District of Indiana, Evansville Division, RYAN PINKSTON, a defendant herein, did knowingly possess in commerce and affecting commerce ammunition, to wit: 20 rounds of Winchester 9mm ammunition, 9 rounds of Sellier and Bellot 9mm ammunition, and 4 rounds of Blazer 9mm ammunition, after having been knowingly convicted of one or more crimes punishable by a term of imprisonment exceeding one (1) year, including a felony Dealing in Methamphetamine in Vanderburgh County, Indiana under cause number 82D02-1012-FB-01237 on or about August 29, 2011 and a felony Making Counterfeit Obligations and Uttering Counterfeit Obligations of the United States in the Southern District of Indiana under cause number 3:17-cr-00045-RLY-MPB on or about May 16, 2018.

All of which is in violation of Title 18, United States Code, Section 922(g)(1).

# **FORFEITURE**

1. Pursuant to Federal Rule of Criminal Procedure 32.2, the United States hereby gives the defendants notice that the United States will seek forfeiture of property, criminally and/or civilly, pursuant to Title 18, United States Code, Sections 924(d), Title 21, United States Code, Sections 853 and 881, and Title 28, United States Code, Section 2461(c), as part of any sentence imposed.

2. Pursuant to Title 18, United States Code, Section 924(d), if convicted of the offense set forth in Count 2 of this Indictment, the defendant shall forfeit to the United States "any firearm or ammunition involved in" the offense.

3. Pursuant to Title 21, United States Code, Section 853, if convicted of the offense set forth in Count 1 of this Indictment, the defendants shall forfeit to the United States any and all property constituting or derived from any proceeds the defendants obtained directly or indirectly as a result of the offense, and any and all property used or intended to be used in any manner or part to commit and to facilitate the commission of the offense.

4. The property subject to forfeiture includes, but is not necessarily limited to, the following:

   a. 20 rounds of Winchester 9mm ammunition;

   b. 9 rounds of Sellier and Bellot 9mm ammunition;

   c. 4 rounds of Blazer 9mm ammunition; and

   d. $52,051 in United States currency;

   e. $2,200 in United States currency;

f.      $3,916 in United States currency;

             g.      $2,822 in United States currency;

             h.      $5,070 in United States currency; and

             i.      $15,183 in United States currency.

      5.     The United States shall be entitled to forfeiture of substitute property pursuant to Title 21, United States Code, Section 853(p), and as incorporated by Title 28, United States Code, Section 2461(c), if any of the property described above in paragraph 4, as a result of any act or omission of the defendants:

             a.      cannot be located upon the exercise of due diligence;

             b.      has been transferred or sold to, or deposited with, a third party;

             c.      has been placed beyond the jurisdiction of the court;

             d.      has been substantially diminished in value; or

             e.      has been commingled with other property which cannot be divided without difficulty.

6. In addition, the United States may seek civil forfeiture of the property described above in paragraph 4 pursuant to Title 18, United States Code, Section 924(d), Title 21, United States Code, Section 881(a), and Title 28, United States Code, Section 2461(c).

A TRUE BILL:



ZACHARY A. MYERS
United States Attorney

By: _____
Lauren Wheatley
Assistant United States Attorney